IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-188-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BARRY ALLEN BROWN, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to clarify and object to the court construing his motion under 18 U.S.C. § 3582 as one under 28 U.S.C. § 2255. Petitioner reiterates his claim that he should be resentenced in accordance with Dorsey v. United States, 132 S.Ct. 2321, 2331 (2012), and that he solely wishes to assert a claim for resentencing based upon Dorsey. Defendant objects, however, to the court construing his motion as one under § 2255, as noticed in the court's previous order entered August 1, 2013.

In light of defendant's motion to clarify and object, the court clarifies that although defendant may be eligible for resentencing under Dorsey, § 3582 is not the proper vehicle for such resentencing. Instead, to obtain resentencing relief under Dorsey, defendant must instead file a motion under § 2255. In re Sealed Case, cited by defendant, is inapposite here because that case did not involve a resentencing based upon Dorsey, but rather a resentencing based upon amendments to the guidelines range, pursuant to 18 U.S.C. § 3582(c)(2). In re Sealed Case, 722 F.3d 361, 363 (D.C. Cir. 2013).

By its terms, § 3582 applies only to reductions based on amendments to the sentencing guidelines,§ 3582 does not provide a basis for sentencing reduction premised upon reduction of the statutory minimum under the FSA and Dorsey. See United States v. Deane, No. 12-6719, 2013 WL 1137448 *2 (4th Cir. Mar. 20, 2013) (noting that "any proceeding under § 3582(c)(2) 'is limited to the application of changes in the Guidelines'" (quoting United States v. Foster, 706 F.3d 887, 887–88 (7th Cir.2013), and noting that "the statutory change wrought by the FSA 'is not a guidelines amendment by the Sentencing Commission,' and therefore cannot serve as the basis of a § 3582(c)(2) motion" (quoting United States v. Berry, 701 F.3d 374, 377 (11th Cir.2012)); Redfear v. United States, 5:12CV156-RLV, 2013 WL 1386023 (W.D.N.C. Apr. 4, 2013) (granting 2255 motion on basis of FSA and Dorsey, after having denied motion brought under § 3582).

Indeed, this court and others have granted relief pursuant to Dorsey on the basis of a motion brough under § 2255. See e.g. United States v. Vines, 5:10-CR-48-FL-1, 5:11-CV-484-FL, 2013 WL 443486 *5 (E.D.N.C. Feb. 5, 2013); United States v. Gill, 5:09-CR-198-FL, 5:11-CV-392-FL, Order on § 2255 Motion (E.D.N.C. March 12, 2013); United States v. Fox, 5:10-CR-212-FL, 5:13-CV-281-FL, Order on § 2255 Motion (E.D.N.C. June 11, 2013). Notably, in Redfear v. United States, the district court ordered resentencing pursuant to the FSA and Dorsey, where defendant originally filed a motion only under § 3582(c), and where the court directed the petitioner to re-file the motion as one seeking relief under § 2255. Redfear v. United States, 5:12CV156-RLV, 2013 WL 1386023 (W.D.N.C. Apr. 4, 2013). The same approach is justified here.

Where defendant's claim may have merit under Dorsey, but where procedural requirements of a § 2255 motion necessary for completion of the resentencing complicate resolution of this matter, the court hereby DIRECTS the Federal Public Defender to enter an appearance on behalf of defendant and present supplemental motion, as warranted, to present the issue raised under Dorsey for resolution by the court. In the event a § 2255 motion is filed in proper form, the court will then

2

allow the government an opportunity to respond the motion as so construed, and then take this matter up for resentencing as warranted.

SO ORDERED this the 9th day of October, 2013.

LOUISE W. FLANAGAN
United States District Judge